**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| TERRILL GOODS, SR., | : | Case No. 1:25-cv-732 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Chief Magistrate Judge Stephanie K. Bowman |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATIONS**

This matter is now before the Court for the initial screening of Plaintiff's Complaint (Doc.1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of the Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition to other motions that will be addressed in a separate order, Plaintiff's motion for summary judgment (Doc. 14) will be addressed herein.

I.

Plaintiff, a prisoner currently incarcerated at the Greenville Federal Correctional Institution in Greenville, Illinois, and proceeding *pro se*, sues Defendants United States of America, Sixth Circuit Court of Appeals Case Manager Roy. G. Ford, his defense appellate attorney Mark Pickrell, and three Sixth Circuit Court of Appeals Judges—Senior Judge David W. McKeague, Judge Eric E. Murphy,[1] and Judge Rachel S. Bloomekatz under federal law for alleged violations of his civil

---

[1] While the docket reflects a Nurse Murphy as a defendant, Plaintiff's Complaint indicated Judge Murphy is the defendant, as Judge Murphy was one of the three judges on the panel presiding over Plaintiff's appeal at issue in the case. *See* (Doc. 1, at PageID 2, 4).

rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 408 U.S. 388 (1971).[2] (Doc. 1). Plaintiff's claims arise out of allegedly improper proceedings in the case management, assistance of counsel, and decision in Sixth Circuit Court of Appeals Case No. 23-5489, decided March 18, 2024. *Id*. at 4. His motion to proceed *in forma pauperis* has been granted by separate Order. (Doc. 12, at PageID 25).

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[3] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

---

[2] Although Plaintiff filed his complaint under 42 U.S.C. § 1983 and the Federal Tort Claims Act (FTCA), he sued federal officers and employees, apart from his appellate attorney. Therefore, the Undersigned construes the complaint as arising under *Bivens*. *See Hartman v. Moore*, 547 U.S. 250, 254 n.2.

[3] Formerly 28 U.S.C. § 1915(d).

2

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds

3

*pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

III.

Since Plaintiff's full statement of his claim consists of a few sentences, a reproduction of it follows:

> Roy G. Ford violated Rule 45 by hiding a detailed letter of [Plaintiff's] trial transcripts. This was to be used during [his] appeal. Ford claimed he never received[.] Mark Pickrell lied during "phone call" about Rule 27(4)[,] but even worse[,] he formulated [Plaintiff's] brief [without] consulting with [him] [first], [e]ven though [his] trial was *pro se*. See: "Unique Circumstances Doctrine." [He] complained in a timely fashion on 2/7/24[,] but the three panel judges on 3/18/24 ignored [his] Sixth Amendment right…. [Plaintiff] believe[s] Mark Pickrell conspired with others to bury what happened at trial. The brief he filed [without] [Plaintiff's] consent skipped the real issue of the AUSA's and Judge Bunning violating the work product doctrine by "illegal electronics surveillance." This was not done by mistake[;] it was to deter "civil litigation."

(Doc. 1, at PageID 4). As a result of the above allegations, Plaintiff seeks monetary and injunctive relief, seeking thirty-five million dollars in damages and unspecified sanctions "[a]fter being robbed of [his] due process and the blatant disregard for the United States Constitution and to stop future monopoly of the system."  *Id*.

IV.

For the reasons set forth below, the Complaint is subject to dismissal without prejudice in its entirety.  28 U.S.C. § 1915(e)(2)(b).

**A.      The Complaint Cannot be Construed as Seeking a Writ of Habeas Corpus**

4

As an initial matter, a federal prisoner who seeks to collaterally attack the validity of his conviction or sentence must invoke 28 U.S.C. § 2255. *Harrington v. Ormund*, 900 F.3d 246, 249 (6th Cir. 2018). Here, Plaintiff did not seek relief under § 2255 and could not do so in this court. If Plaintiff wishes to seek relief under § 2255, he must do so "in the court which imposed the sentence," which would be the District Court of Eastern Kentucky, in Case No. 2-22-cr-17.[4] As Plaintiff's claims in this case, if found meritorious, would collaterally attack his conviction, the Undersigned recommends this complaint to be dismissed without prejudice for Plaintiff to pursue his challenge to his conviction under § 2255 in the proper court.

**B.     *Heck* Doctrine Is Applicable**

Furthermore, the Court notes that the doctrine announced under *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that a civil rights lawsuit is barred if it would necessarily imply the invalidity of a plaintiff's prior criminal conviction or sentence, unless the plaintiff establishes that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus," *id.* at 512 U.S.486-87, bars consideration of Plaintiff's claims at this time.

First, Plaintiff's conviction of federal drug and firearms offenses and sentence of 420-months was affirmed on direct appeal; in fact, the judges' actions in his direct appeal are part of this case. *United States v. Goods*, No. 23-5489, 2024 WL 3064538 (6th Cir. Mar. 18, 2024), *cert. denied*, 145 S. Ct. 242, 220 L. Ed. 2d 68 (2024); (Doc. 1, at PageID 4). Second, Plaintiff has not established that the conviction or sentence has been expunged by executive order. Third, this is

---

[4] Plaintiff appears to be attempting to do so in that case. Viewed at https://kyed-ecf.sso.dcn/doc1/08107048035 *United States v. Goods et al.*, Case No. 2-22cr17, Docs. 298, 307 (E.D. Ky. 2022). *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (courts may take judicial notice of court records available online to the public); *see also Landt v. Farley,* 2012 WL 4473209, at *1 (N.D. Ohio Sept. 26, 2012) (noting that the "court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system and via the internet.") (quotation marks and citation omitted).

federal case with federal charges, making state tribunal invalidation inapplicable to this case.

Finally, while Plaintiff appears to be trying to file a petition for habeas corpus regarding his

underlying charges in this case, no writ of habeas corpus has been issued.[5]

**C.      Plaintiff Has Failed to State a Claim under *Bivens*, 42 U.S.C. § 1983, and § 1985**

**i.      Judicial Immunity Protects Judges McKeague, Murphy, and Bloomekatz**

The Court next considers Plaintiff's claims against Judges McKeague, Murphy, and

Bloomekatz.  Plaintiff brings claims against Judges McKeague, Murphy, and Bloomekatz under

42 U.S.C § 1983[6] for an alleged violation of his Sixth Amendment right by "ignor[ing]" it in their

March 18, 2024 decision, after Plaintiff had submitted a motion to appoint substitute counsel on

February 7, 2024.  (Doc. 1, at PageID 4).  Judges McKeague, Murphy, and Bloomekatz are entitled

to absolute judicial immunity from these claims.

Judicial immunity shields judges, and other public officers, "from undue interference with

their duties and from potentially disabling threats of liability."  *Harlow v. Fitzgerald*, 457 U.S.

800, 806 (1982).  "Like other forms of official immunity, judicial immunity is an immunity from

suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Courts have recognized that absolute judicial immunity applies to claims under *Bivens*, § 1983,

and, although not specifically raised against Judges McKeague, Murphy, and Bloomekatz, judicial

immunity also applies to claims under § 1985.  *See, e.g.*, *Newsome v. Merz*, 17 F. App'x 343, 345

(6th Cir. 2001) (finding that a federal magistrate judge was "entitled to judicial immunity from

[plaintiff's] claim for monetary damages because he was performing his judicial functions and

acted within his jurisdiction" and "federal judges are immune from *Bivens* suits for equitable

relief"), *Pickett v. Williams*, No. 3:17-CV-557, 2019 WL 3021196, at *7 n.5 (N.D. Tex. June 24,

---

[5] *See footnote 4*.
[6] As the Undersigned noted above, this case should be construed as brought under *Bivens*.

2019), *report and recommendation adopted*, 2019 W 1986 WL 3006985 (N.D. Tex. July 10, 2019) ("Additionally, any § 1985 claim against the judge is barred by judicial immunity . . . for the same reasons as the § 1983 claim").

Judicial immunity is overcome only if the actions taken were not in the judges' judicial capacity and if the actions taken were in absence of all jurisdiction. *Mireles,* 502 U.S. at 11–12. Here, Judges McKeague's, Murphy's, and Bloomekatz's conduct of presiding over Plaintiff's direct appeal was indisputably judicial in nature. Furthermore, contrary to Plaintiff's allegation that the three-judge panel "ignored [his] Sixth Amendment right" by not addressing his February 7, 2024 motion to appoint substitute counsel, the decision addressed Plaintiff's motion, albeit by denying it. (Doc. 1, at PageID 4); *contra Goods*, 2024 WL 3064538, at *2.

Plaintiff has failed to allege facts overcoming Judges McKeague's, Murphy's, and Bloomekatz's judicial immunity.[7] Plaintiff's claims against Judges McKeague, Murphy, and Bloomekatz under *Bivens*, § 1983, and any claims against them under § 1985, are therefore barred by judicial immunity and should be dismissed.

### ii. Quasi-Judicial Immunity Protects Defendant Ford

Plaintiff's allegations against Defendant Ford also are barred by immunity. Although Plaintiff purports to sue him under § 1983[8] and potentially under 1985, "[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial

---

[7] While there is an exception to judicial immunity under 42 U.S.C. § 1983 if a plaintiff seeks prospective injunctive relief, that does not apply to this case. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Plaintiff's only reference to injunctive relief is unspecified sanctions, a remedy for his alleged past harm, which would be retrospective relief that is not excepted from judicial immunity. *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1362 (S.D. Ohio 2023) (Cole, D.J.), *aff'd*, No. 24-3059, 2024 WL 5355086 (6th Cir. Sept. 4, 2024).

[8] Because "an action under *Bivens* is almost identical to an action under 42 U.S.C. §1983, except that the former is maintained against federal officials while the latter is against state officials," "the body of caselaw regarding §1983 applies to *Bivens* actions." *Fuget v. Fed. Pub. Def. E. Dist. of Missouri*, 2023 WL 8354805, at *2 (E.D. Mo. Dec. 1, 2023) (citing *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999); *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015)). Thus, even construing Plaintiff's complaint to be filed under *Bivens*, the analysis under 42 U.S.C. §1983 still applies.

process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). *See, e.g., Wymore v. Green,* 245 F. App'x 780, 783 (10th Cir. 2007) (affirming district court's grant of absolute quasi-judicial immunity to state clerk of court for performing judicially related duties), *cert. denied*, 552 U.S. 1194 (2008); *Ayers v. Reynolds*, No. 94-4124, 1995 WL 386435, at *2 (8th Cir. 1995) (finding a clerk of court to be entitled to quasi-judicial immunity, noting "[f]iling court orders and preparing and transmitting the certified record are functions closely associated with the judicial process"); *Hargis v. Jones*, 986 F.2d 1421, 1993 WL 24146, at *1 (6th Cir. 1993) (finding a clerk of court to be entitled to quasi-judicial immunity in connection with the alleged loss of state court criminal trial transcripts and that allegation that defendant "lied to the courts about his trial records"). *See also Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (finding that a claim against court clerks who failed to provide the plaintiff with copies of previous filings and transcripts properly dismissed on the basis of quasi-judicial immunity); *Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (finding a federal district court clerk to have quasi-judicial immunity when plaintiff claimed the clerk conspired to delay his habeas corpus petition).

Plaintiff has not pled a § 1985 conspiracy claim with the requisite particularity. "Whether proceeding under § 1983 or § 1985, [a p]laintiff must plead a conspiracy with particularity and show some evidence of coordinated actions between the alleged conspirators." *Moore v. Kulkarni*, No. 18-12280, 2019 WL 4312135, at *10 (E.D. Mich. May 31, 2019); *see also Twombly*, 550 U.S. at 565 (allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987) (conspiracy claims must be pled with some degree of specificity; vague and conclusory allegations unsupported by material facts will not be

sufficient to state such a claim under § 1983). The Complaint includes no factual allegations to *plausibly* suggest that the named Defendants—the judges, case administrator, and defense attorney involved in Plaintiff's direct appeal—shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right. Accordingly, the Complaint should be dismissed against Defendant Ford.

### iii.     No Claim Exists against Pickrell under *Bivens*, § 1983, and § 1985

Likewise, Plaintiff's §§ 1983 and 1985 claims fail against his defense counsel. First, Pickrell was not acting under the color of state law within the meaning of § 1983.[9] *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981). It is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Id.* at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

Additionally, while defense counsel are generally not immune from § 1983 liability for conspiracies to deprive clients of their constitutional rights, *see Tower v. Glover*, 467 U.S. 914 (1984), as previously noted, Plaintiff's vague and conclusory allegations of a conspiracy are insufficient to state a cognizable claim under § 1983. *See Gutierrez,* 826 F.2d at 1538–39; *Twombly*, 550 U.S. at 555. *Cf. Horton v. Martin*, 137 F. App'x 773, 775–76 (6th Cir. 2005)

---

[9] Additionally, "a court-appointed defense attorney 'does not act under color of federal law in performing … as a lawyer to an indigent defendant in a federal proceeding.'" *DeLia v. U.S. Dep't of Just.*, 2021 WL 4258758, at *5 (10th Cir. Sept. 20, 2021) (citing *Lay v. Otto*, 530 F. App'x 800, 802 n.1 (10th Cir. 2013) (unpublished)). Thus, even construing Plaintiff's complaint to be brought under *Bivens*, Defendant Pickrell is not a federal actor, and Plaintiff's claims fail against him.

9

(affirming dismissal of § 1983 claim against attorney who represented the plaintiff in a parole revocation hearing given the lack of any "factual support or evidence upon which a conspiracy [with state officials] could be based"). Plaintiff's conclusory allegations under 42 U.S.C. § 1985 are similarly subject to summary dismissal. *See Moore v. Kulkarni*, No. 1:18-cv-12280, 2019 WL 4312135, at *10 (E.D. Mich. May 31, 2019).

**D.      Claim under the Unique Circumstances Doctrine Should Be Dismissed**

Plaintiff contends that his claim falls under the "unique circumstances doctrine" because he was *pro se* at trial and "complained in a timely fashion" about his attorney's actions in his direct appeal, but "the 3-panel judges on 3/18/2024 ignored [his] 6[th] Amendment Right." (Doc. 1, at PageID 4). First, to the extent that it would even be applicable to this case, the "unique circumstances doctrine" of allowing a party to file outside the timeframe of appellate rules if the party relied on a district court's ruling permitting them to do so has been overruled and found illegitimate by the Supreme Court. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Furthermore, the three-judge panel did not solely deny Plaintiff's motion to appoint substitute counsel on untimeliness grounds, the basis of the "unique circumstances doctrine"; the panel instead found that Plaintiff had not shown good cause for the motion, having no "substantial grounds for dissatisfaction with his current appointed counsel" and no identification of "an issues on which a different attorney would have a reasonable chance of success." *Goods*, 2024 WL 3064538, at *2. Finally, the "untimeliness" rationale of the three-judge panel would likely not have implicated the "unique circumstances doctrine" even if it were still valid law—Plaintiff's motion was not "untimely" based on appellate rule filing deadlines but rather because it would not "further 'the public's interest in the prompt and efficient administration of justice'" to allow Plaintiff to substitute his appellate counsel after the "briefing was completed and his appeal was ready for

10

disposition." *Id*. Thus, Plaintiff's claim under the "unique circumstances doctrine," even if it were still permitted, would and should be dismissed.

**E.     The Undersigned Does Not Reach Additional Grounds for Dismissal**

The Undersigned notes that certain claims that Plaintiff asserts against Defendants are likely to be dismissed as Plaintiff's claims would not be substantively recognized under *Bivens* or the Federal Tort Claim Act. In light of the improper nature of Plaintiff's suit (a civil rights suit instead of a § 2255 habeas petition) and in furtherance of the interest in judicial economy, however, the Undersigned will not address those issues at this time.

V.

Although Plaintiff entitles his motion as "Motion for Request to Add Exhibits and Rule 26(a)(1)(ii)," Plaintiff also moves for summary judgment, asserting that "Rule 56(c) states that the motion will be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that moving party is entitled to a judgment as a matter of law.'" (Doc. 14, PageID at 33). The exhibits he attaches to "expedite litigation" include a letter he wrote asserting the same claims he brings in this suit, a letter from the Federal Bureau of Prisons, a portion of an order in another of Plaintiff's federal cases, and the docket in his direct appeal before the Sixth Circuit Court of Appeals, both annotated by Plaintiff. (Doc. 14, at PageID 34-35, 37-40).

First, Plaintiff's "one-page summary judgment motion offers no evidence whatsoever in support of summary judgment." *J'ttonali One Eye El-Bey v. Wallace*, No. 1:21-CV-389, 2022 WL 2208763, at *2 (S.D. Ohio June 21, 2022) (Litkovitz, M.J.), *report and recommendation adopted sub nom. El-Bey v. Wallace,* No. 2:21-CV-00389, 2023 WL 1857797 (S.D. Ohio Feb. 9, 2023) (Marbley, D.J.). Second, as defendants have not appeared and no discovery has taken

11

place, Plaintiff's motion for summary judgment is premature. *Id*. Therefore, to the extent Plaintiff moves for summary judgment in his motion (Doc. 14), it should be **DENIED as premature**.

VI.

In sum, the claims in Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2).  The dismissal of these claims should not be construed as precluding Plaintiff from pursuing his 28 U.S.C. § 2255 habeas petition challenging his underlying conviction in the District Court of Eastern Kentucky. *See United States v. Goods et al*., Case No. 2-22-cr-17, Doc. 298, 307 (E.D. Ky. 2022).

VII.

**IT IS THEREFORE RECOMMENDED THAT:**

1.     Plaintiff's Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.  28 U.S.C. §§ 1915(e)(2).

2.     The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

3.     The Court **DENY** Plaintiff's motion for summary judgment (Doc. 14) as premature.

12

May 12, 2026         *s/Stephanie K. Bowman*
              STEPHANIE K. BOWMAN
              Chief United States Magistrate Judge

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).